IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV,
2009 MAY 15 AM 11 15
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| MCFARLAND WHITE RANCH, ) | |
| ) | CV-08-77-BLG-RFC-CSO |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| ED SCHAFER, in his capacity as Sec. of ) | AND RECOMMENDATIONS OF |
| the U.S. Dept. of Agriculture, et al. ) | U.S. MAGISTRATE JUDGE |
| ) | |
| Defendants. ) | |

On March 10, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 31*) with respect to the parties' cross-motions for summary judgment. Magistrate Judge Ostby recommends that the Forest Service's motion (*Doc. 25*) be granted and that Plaintiff's motion (*Doc. 20*) be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiffs filed objections on April 9, 2009 (*Doc. 34*), to which the Forest Service responded on April 28, 2009 (*Doc. 35*). When a party lodges a "specific" objection to Findings and Recommendations, the district court must determine *de novo* any part of the

1

magistrate judge's disposition that has been properly objected to. Fed.R.Civ.P. 72(b)(2) & (3); 28 U.S.C. § 636(b)(1).

In the instant action, Plaintiffs filed 19 pages of purported objections which merely rephrase the arguments offered to and rejected by Magistrate Judge Ostby. *See the Government's Response to Plaintiff's Objections, Doc. 35, p. 2 n.1* (showing how arguments raised by Plaintiff in initial briefing are reiterated in their objections). Magistrate judges were created by Congress to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (internal quotations omitted). The goal was judicial efficiency. There is no efficiency if the district courts is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. The Sixth Circuit has said that a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). This Court agrees.

In any event, the conclusion that Plaintiff failed to make a proper objection does not absolve the Court of its duty to review de novo Magistrate Judge Ostby's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (holding

that failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*) overruled on other grounds by *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

Here, Magistrate Judge Ostby correctly concluded that the Forest Service's October 21, 2005 rejection of Plaintiff's proposal was "final agency action" because it concluded the agency's decision-making process and was an action from which rights were determined and from which legal consequences flowed. *See Bennet v. Spear,* 520 U.S. 154, 178-79 (1997) (defining "final agency action" as that term is used in the Administrative Procedures Act). As such, there is no unlawfully withheld agency action for this Court to compel. *See* 5 U.S.C. § 706(1).

Having concluded there was no basis for § 706(1) relief, Magistrate Judge Ostby correctly proceeded to evaluate whether the Forest Service's rejection of Plaintiff's proposal was "arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law." 5 U.S.C. § 706(2)(A). Noting that the Forest Service rejected Plaintiff's proposal because it conflicted with five separate screening criteria, Magistrate Judge Ostby correctly concluded that the Forest Service did not violate the deferential APA standard of review.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Forest Service's Motion for Summary Judgment (*Doc. 25*) is **GRANTED** and Plaintiff's Motion for Summary Judgment (*Doc. 20*) is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order and enter judgment, by separate document, accordingly.

DATED this 15 day of May 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE